UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY OUTLAW, ) | |
|     Plaintiff ) | |
|     v.  ) | Case No. 1:11-cv-1440-TWP-DKL |
| ) | |
| THE GEO GROUP, INC., G. THOMPSON, ) | |
| K. GARD, M. KRUL, OFC. PRATER, ) | |
| OFC. M. SPARKS, JANE/JOHN DOE, and ) | |
| D. ITTENBACH, ) | |
|     Defendants. ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Correctional Facility Defendants', The GEO Group, Inc., Glen Thompson, Kim Gard, Michael Krul, Brandon Prater, Michael Sparks, and David Ittenbach (hereinafter the "Defendants"),[1] motion for summary judgment (Dkt. 33). The claim remaining for resolution in this civil rights action is asserted by Larry Outlaw ("Mr. Outlaw"), formerly an inmate at the New Castle Correctional Facility ("New Castle"). Mr. Outlaw alleges that on August 17, 2009, the Defendants violated his constitutional rights when, during a strip cell search, his prescription eyeglasses were taken and not returned to him. The action was removed to this Court from the Henry Circuit Court.

Mr. Outlaw's federal claim is brought pursuant to 42 U.S.C. § 1983. The Defendants seek resolution of this claim based on their arguments that Mr. Outlaw has no right to recovery pursuant to § 1983 for an alleged loss or deprivation of an item of personal property and because

---

[1] The Jane/John Doe defendants are dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). The claim of inadequate medical care was asserted against other defendants and was resolved in the Entry docketed on February 19, 2013 (Dkt. 47).

they allege his claims are barred by Indiana's two year statute of limitations for personal injury actions.[2]

## I. BACKGROUND

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See* Fed. R. Civ. P. 56(c)(1)(A),(B) (both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). Mr. Outlaw has opposed the motion for summary judgment, but his response fails to create a genuine issue of material fact. In his "Statement of Disputed Factual Issues,"

---

[2] Because the first two claims are dispositive, the third and less compelling argument presented by Defendants, involving contractual obligations between The Geo Group and the State of Indiana, need not be addressed.

Mr. Outlaw's lists questions that he would like answered in his favor, such as "whether the correctional defendant(s) returned any or all of the plaintiff's personal property items including his medically approved eye glasses." Although the series of questions suggest an inference consistent with Mr. Outlaw's possible view of the facts, the questions are not linked to evidentiary materials or citations to admissible evidence. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

While Mr. Outlaw is proceeding without counsel in this case, that status does not exempt him from the responsibility to comply with procedural rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Compliance with Rule 56 and Local Rule 56.1 are necessary to the Court's efficient review of this and every case. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases).[3] Thus, resolution of the motion for summary judgment is based on Defendants' version of the facts, but still viewed in the light most favorable to Mr. Outlaw. *Peretz v. Sims,* 662 F.3d 478, 480 (7th Cir. 2011).

---

[3] The Court also notes that the affidavit submitted by Mr. Outlaw along with his response in opposition to the motion for summary judgment does not comply with Rule 56(c)(4), in that it contains multiple statements not based on personal knowledge, states facts which would not be admissible in evidence and does not show that Mr. Outlaw is competent to testify on the medical matters asserted. Finally, Mr. Outlaw does not provide an affidavit specifying why he cannot present facts essential to justify his opposition as required by Rule 56(d).

Applying the foregoing standard, the undisputed material facts are as follows:

- Mr. Outlaw was an inmate incarcerated at New Castle; a prison operated by The Geo Group, Inc. under contract with the State of Indiana.

- On August 17, 2009, Mr. Outlaw was subjected to a strip cell order through which he was placed on strip cell status. This resulted in items of personal property being confiscated from him, inventoried, and boxed up. Defendants Sgt. M. Krul, Officer Prater and Officer Sparks conducted the strip cell search and removed everything from Mr. Outlaw's body including his eyeglasses. Mr. Outlaw told these Defendants that he was instructed by his doctor, to wear his eyeglasses at all times. Nonetheless, the eyeglasses were confiscated and Mr. Outlaw was told that eyeglasses were not allowed while he is on strip cell status.

- On August 25, 2009, Mr. Outlaw filed a formal grievance concerning the events of August 17, 2009, with Mike Smith, an Executive Assistant with New Castle. On August 29, 2009, David Ittenbach, a designee of the Executive Assistant, responded to Mr. Outlaw's grievance by indicating that "the grievance is a request for reimbursement or replacement of personal property that has been lost, damaged or destroyed. This claim is handled through the Tort Claim process, Policy 00-01-104. See the Law Library."

- Without his eyeglasses, Mr. Outlaw suffered headaches, dizziness, severe pain and blurred vision. Mr. Outlaw alleges that Grievance Officer D. Ittenbach failed to ensure a complete investigation regarding why custody staff confiscated his medically approved eyeglasses.

- In April 2010, Mr. Outlaw filed multiple Tort Claims concerning the events of August 17, 2009, which were investigated by Barry Holder, the Grievance and Litigation

   Manager at New Castle. Mr. Holder investigated the claims and concluded that all of. Mr. Outlaw's personal property was returned to him at the termination of his strip cell status.

- On September 12, 2011, Mr. Outlaw filed his *Prisoner Civil Complaint* in the Henry Circuit Court. As already noted, the action was then removed to this Court.

## II. DISCUSSION

The statute on which Mr. Outlaw relies upon creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

The Indiana Tort Claims Act (IND. CODE § 34-13-3-1, *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's

5

property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Mr. Outlaw was entitled to constitutional protections with respect to the confiscation of his prescription eyeglasses, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

Because Mr. Outlaw had an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D.Ind. 2008). No reasonable jury could conclude otherwise. In a similar vein, any claim based on Mr. Outlaw's view that his grievance was mishandled is not actionable under 42 U.S.C. § 1983. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996).

Moreover, even if the Court could find that there was a federal interest in the return of Mr. Outlaw's prescription eyeglasses, his claim was not timely filed. A suit under § 1983 must be filed within the time allowed by state law for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261 (1985). In Indiana, that period is two (2) years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE ' 34-1-2-2) applies to § 1983 claims.") (citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)).

In this case, the loss or deprivation complained of occurred on August 17, 2009, the date on which Mr. Outlaw's eyeglasses were confiscated. His lawsuit (in state court) was not filed until September 12, 2011, more than two years after the deprivation. Statutes of limitation "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quoting *Railroad Tel. v. Railway Express Agency,* 321 U.S. 342, 349 (1944)). The evidentiary record in this case shows without question that Mr. Outlaw failed to file a timely claim based on the deprivation of property he suffered.

### III.  CONCLUSION

Mr. Outlaw has not identified a genuine issue for trial as to his federal claim. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). Although filed in a state court, his complaint did not assert any claim under Indiana law. Because there are no state law claims in this action, there is no basis for this court to remand the matter to the state court.

Defendants' Motion for Summary Judgment (Dkt. 33) is therefore **GRANTED**. No claims remain for resolution in this case. Judgment consistent with this Entry and the Entry of February 19, 2013, shall now issue.

**SO ORDERED.**

Date: 03/12/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry Outlaw, #900496
Westville Control Unit
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com